UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Tremayne K. Graham, # 939948-071, ) C/A No. 9:12-762-TLW-BM
)
           Petitioner, )
)
vs. ) REPORT AND RECOMMENDATION
)
United States District Court, District of South Carolina, )
Greenville Division, )
)
           Respondent. )
_____ )

This is a civil action filed *pro se* by a federal prison inmate. Petitioner has paid the full $ 350.00 filing fee. Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the procedural provisions of 28 U.S.C. § 1915A, the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

*Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d



630, 630n.1 (4th Cir. 2003). Even when considered under this less stringent standard, however, the Petition filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2) due to Petitioner's status as a prisoner, even though he did not seek to proceed *in forma pauperis*.[1] The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387(4th Cir. 1990).

## **BACKGROUND**

Petitioner is incarcerated at FCI-Florence, Colorado, where he is serving a life sentence entered by this court on April 20, 2007 on a written guilty plea to five counts of drug-related crimes. *United States v. Graham*, Criminal Action No. 6:03-1092-HMH-10. Petitioner asks the court to enter a Writ of Mandamus directing the sentencing judge (Senior District Judge Henry H. Herlong) to "correct" his sentence because he says the sentence he received is illegal. Petitioner alleges that the sentencing judge acted "without jurisdiction" when he sentenced him to more than twenty years without requiring the government to allege in the indictment the specific amount or weight of drugs on which his charges were based. (ECF No. 1, Pet. 1).

Petitioner acknowledges that in his plea agreement he stipulated to the amount of drugs stated in the criminal statutes under which he was charged: "5 kilograms or more of cocaine and 50 grams or more of cocaine base." 21 U.S.C. §§ 841(a)(1), (b)(1)(A); 846. However, he now argues that his plea agreement could not waive his right to have the specific amount/weight of drug attributable to him included in his indictment. He states that because the indictment did not allege

---

[1] District courts are to employ section 1915A's screening mechanism to "all suits by prisoners, whether or not they seek to proceed *in forma pauperis*." *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002); *see Green v. Young*, 454 F. 3d 405, 407 (4th Cir. 2006).



a specific amount of drugs attributable to him, he could not be sentenced to the maximum sentence allowed under the statutes (life). Petitioner primarily cites *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *United States v. Promise*, 255 F.3d 150 (4th Cir. 2001) as support for his "illegal sentence" claim.

Review of Petitioner's criminal docket in this court discloses that on May 6, 2008, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction and sentence, finding that the life sentence was supported by Petitioner's own breach of the plea agreement he signed with the government, and dismissing Petitioner's claims of prosecutorial misconduct that were barred by the appellate waiver in the plea agreement. *United States v. Graham*, No. 07-4441, 2008 WL 1960874, at *2 (4th Cir. May 6, 2008). Petitioner also pursued an unsuccessful § 2255 Motion to Vacate, alleging that his trial counsel was ineffective for not making it clear to him that he could be sentenced to life in prison if he did not cooperate with authorities as he had promised in his plea agreement. Judge Herlong denied the § 2255 Motion on June 5, 2009 (Criminal Action No. 6:03-1092-HMH-10, ECF No. 907), and the Fourth Circuit affirmed on October 22, 2009. *United States v. Graham*, 334 F. App'x 545 (4th Cir. 2009).

The undersigned takes judicial notice that , although the *Apprendi* and *Promise* cases were available to him at the time of his direct appeal and his § 2255 motion, Petitioner did not raise the "illegal sentence" ground for relief that he seeks to raise in this Petition in his efforts to vacate or reduce his sentence in either of those proceedings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'"); *Shoup v. Bell & Howell*, 872 F.2d 1178, 1182 (4th Cir. 1989); *Daye v. Bounds*, 509 F. 2d 66 (4th Cir. 1975); *Mann v. Peoples First Nat'l Bank & Trust Co.*,

3



209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties).

**DISCUSSION**

The Petition for Writ of Mandamus submitted in this case should be summarily dismissed because Petitioner's allegations are insufficient to require this court to direct a separate member of the court (the sentencing judge) to change a sentence that he handed down over five years ago. This is especially true where, as here, that sentence has already been upheld on both direct appeal and on collateral review by way of a motion under 28 U.S.C. § 2255 and an appeal therefrom. It is well settled that a writ of mandamus is a drastic remedy which is used by courts only in "exceptional circumstances", usually limited to cases where a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; *Gurley v. Super. Ct. of Mecklenburg County*, 411 F.2d 586, 587-88 & nn. 2-4 (4th Cir. 1969). Under 28 U.S.C. § 1361 federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. However, the duty claimed to be owed by the officer or employee of the United States must be "plainly defined and peremptory" in order for mandamus to issue to compel the performance of such duty. *See United States v. Helvering*, 301 U.S. 540 (1937).

In order to meet the requirements for mandamus relief, a petitioner must show: 1) that he has the clear legal right to the relief sought; 2) that the respondent has a clear legal duty to do the particular act requested; *and* 3) that no other adequate remedy is available. *See In re First Fed. Savs. & Loan Ass'n*, 860 F.2d 135, 138 (4th Cir. 1988); *Asare v. Ferro*, 999 F.Supp. 657, 659 (D. Md. 1998). The failure to show any of these prerequisites defeats a district court's jurisdiction under 28

4



U.S.C. § 1361. *See Nat'l Ass'n of Gov't Emp. v. Fed. Labor Relations Auth.*, 830 F. Supp. 889, 898 (E.D. Va. 1993). Further, mandamus cannot be used to compel the performance of discretionary duties of federal government officers, but will lie only to compel ministerial acts. *See Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir.1995); *Plato v. Roudebush*, 397 F. Supp. 1295, 1304–05 (D. Md. 1975). A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment. See *Neal v. Regan*, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984).

The allegations in the Petition filed in this case fail to satisfy any of the requirements stated above for the entry of a writ of mandamus. Petitioner cannot show that he "has the clear legal right to the relief sought" because sentencing error claims such as that made by Petitioner are supposed to be made by federal prisoners primarily by means of § 2255 motions, not through petitions for mandamus. *In re Loveridge*, 319 F. App'x 240, 240 (4th Cir. 2009)(citing to *In re United Steelworkers*, 595 F. 2d 958, 960 (4th Cir. 1979); *see In re Spann*, 403 F. App'x 741, 744 (3d Cir. 2010)(same; if same arguments could have been brought in a § 2255 motion or direct appeal, they cannot be basis for a later mandamus action). This is true even where the § 2255 remedy was previously used unsuccessfully, as here, or where its time limitations had run and it could no longer be used to raise the sentencing challenge. *United States v. Izquierdo*, 436 F. App'x 929, 931 (11th Cir. 2011)(sentencing errors must be brought through § 2255, not mandamus). If he truly believed his life sentence was illegal because of the lack of specific allegations of drug amounts attributable to him, Petitioner should have raised his *Apprendi/Promise* challenge in his § 2255 motion at the very latest. He has not alleged anything in his Petition in this case that would indicate that he was somehow prevented from doing so, thus he cannot argue that the § 2255 remedy was inadequate in

5



his case. As a result, it is patently obvious that Petitioner cannot show that he has the clear right to have his sentence reduced based on the case law that he cites at this late date, and mandamus will not lie.

Furthermore, Petitioner cannot show that this court or Judge Herlong has any type of ministerial or non-discretionary obligation to reduce his sentence. Under Petitioner's plea agreement, the government was permitted to seek the "maximum" penalty under the statutes to which he plead. Also, Judge Herlong had discretion as to how long a sentence Petitioner deserved, limited only by the maximum sentence under the statutes. Review of the two primary statutes to which Petitioner pled, 21 U.S.C. §§ 841; 846, shows that life in prison is the maximum penalty for their violation. Petitioner's guilty plea to the charges under those statutes and the sentence he received were both found valid by the Fourth Circuit in two separate appeals, neither of which contained – but which could have contained – the same *Apprendi/Promise* challenge made in the instant case. Thus, Petitioner has not shown that any member of this court has a mandatory duty to reduce his sentence.

Finally, Petitioner cannot satisfy the mandamus requirement that he has no alternate remedy available to get his sentence reduced. As stated previously, the *Apprendi* and *Promise* cases were available to him during the time period when he pursued a direct appeal and during the time for his § 2255 motion, but he did not assert his current challenge in either of those proceedings. Under relevant federal law, whether or not Petitioner actually availed himself of his appeal or collateral challenge rights to raise his present argument, if he *could* have done so, then he cannot satisfy the final mandamus requirement: lack of available remedy. *See, e. g.*, *Baptist Mem. Hosp. v. Johnson*, 603 F. Supp. 2d 40, 47 (D.D.C. 2009)(in absence of explanation of why legal argument



was not available during direct appeal, mandamus will not lie to allow party to assert argument that could have been made in adequate "alternative remedy"); *Lutheran Med. Center v. Thompson*, 520 F. Supp. 2d 414, 420 (E.D.N.Y. 2007)(litigant cannot claim no adequate alternative remedy when it inexplicably failed to raise the available same arguments in a previous remedy proceeding such as appeal); *see also In re Spann,* 403 F. App'x at 744. It is well settled that mandamus cannot be used as a substitute for an appeal. The fact that neither Petitioner nor his legal counsel raised *Apprendi/Promise* challenges to his sentence at the appropriate time shows that he has no clear right to a sentence reduction under those cases and that this is not an "exceptional case" requiring use of the drastic remedy of mandamus.

## **RECOMMENDATION**

Accordingly, it is recommended that the Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

May 8, 2012
Charleston, South Carolina



## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

